# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

LARRY L. HOPKINS,        )
                         )
        Plaintiff,         )
                         )
        v.               )      No. 1:13-CV-126-LMB
                         )
UNKNOWN REED, et al.,      )
                         )
        Defendants.      )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reconsider this Court's September 10, 2013 Order of Dismissal for failure to exhaust his prison grievances prior to bringing this action [Doc. #9]. For the following reasons, the Court will grant the motion and plaintiff will be instructed to file an amended complaint.

## Background

Plaintiff is an inmate at the Southeast Correctional Center ("SECC"). He filed this action in August 2013, seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983. The named defendants were SECC correctional officers Unknown Reed, Unknown Thurston, Unknown Cooper, and Unknown Irby. Plaintiff alleged that in September 2012, defendants used excessive force against him, were deliberately indifferent to his serious medical needs, and retaliated against him for

filing a complaint. In addition, plaintiff filed a motion to stay this action on the ground that he was "waiting for the final exhaustion in the prison grievance process." Plaintiff stated that he was "submitting [his] complaint at this time for [a] file number," because his time for filing was running.

On November 10, 2013, this Court granted plaintiff in forma pauperis status. Noting that plaintiff conceded he had not exhausted his available administrative remedies before filing his complaint, the action was dismissed for failure to exhaust prison grievances under 42 U.S.C. § 1997e(a). Plaintiff's motion for stay was denied as moot.

In the instant motion for reconsideration, plaintiff states, "There has been a big mistake here." He claims that "the mistake was [he] . . . used improper language" and that he had, in fact, exhausted all available prison grievances prior to filing this action. Under these circumstances, the Court will grant plaintiff's motion and will instruct the Clerk of Court to reopen this case.

In addition, the Court will order plaintiff to file an amended complaint on a court-provided form.[1] In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rule 20 of the Federal Rules of

---

[1]The Court will instruct the Clerk to mail plaintiff a blank form complaint for the filing of a prisoner civil rights action. Plaintiff must complete his amended complaint on the court-provided form.

Civil Procedure,[2] and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence.  Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or series of transactions or occurrences.  *See* Fed.R.Civ.P.  20(a)(2).

Having decided upon the transaction(s) or occurrence(s) he wishes to pursue, plaintiff shall set forth in the "Caption" of the complaint the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated.  Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.

The amended complaint must contain short and plain statements showing that

---

[2]Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:
> Persons . . .  may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly,
> severally, or in the alternative with respect to or arising
> out of the same transaction, occurrence, or series of
> transactions or occurrences; and (B) any question of law
> or fact common to all defendants will arise in the action.

plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. *See* Fed.R.Civ.Pro. 8 and 10. In this regard, the Court would prefer that plaintiff not attach exhibits to the amended complaint; to support his claims, plaintiff should include relevant allegations in the body of his amended complaint. Moreover, to the extent that plaintiff is attempting to demonstrate exhaustion of prison grievances, he need not attach exhibits, as he has already stated that he is in compliance, and thus, at this time, there is no reason to attach prison grievances to his pleading. Plaintiff will have the opportunity to produce exhibits in accordance with the Court's Case Management Order, which will be issued after all defendants have responded to the amended complaint.

In addition, plaintiff shall set forth in the amended complaint the capacity (i.e., official and/or individual) in which he is suing each of the named defendants. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Plaintiff shall sign the amended complaint. Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider this Court's September 10, 2013 Order of Dismissal for failure to exhaust his prison grievances prior to bringing this action [Doc. #9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall reopen this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a copy of the Court's form for filing a prisoner complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on or before November 2, 2013**, in accordance with the specific instructions set forth above.[3]

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this 2nd day of October, 2013.

/s/ Jean C. Hamilton

**UNITED STATES DISTRICT JUDGE**

---

[3]For his amended complaint, plaintiff shall use the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.