UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY L. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-CV-126-LMB |
| | ) | |
| UNKNOWN REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #11]. For the reasons stated below, the Court will order the Clerk to issue process on the amended complaint as to all defendants in their individual capacities and will dismiss this action against them in their official capacities.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more

2

likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Amended Complaint

Plaintiff, an inmate at the Southeast Correctional Center (SECC), seeks monetary relief in this 42 U.S.C. § 1983 action against SECC correctional officers Charles Reed, Kimberly Irby, Benny Thurston, and Christopher Cooper. Plaintiff alleges that defendants violated his Eighth Amendment rights when they physically assaulted him, failed to protect him, and denied him medical treatment for his serious physical injuries. Plaintiff is suing defendants in both their individual and official capacities.

## Discussion

A review of the amended complaint indicates that plaintiff has stated actionable claims for relief against defendants Charles Reed, Kimberly Irby, Benny Thurston, and Christopher Cooper in their individual capacities relative to the violation of plaintiff's Eighth Amendment rights. Therefore, the Court will order defendants to

reply to the amended complaint in their individual capacities. *See* 42 U.S.C. § 1997e(g)(2).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Thus, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities, and the Court will order that all said claims be dismissed without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued upon the amended complaint [Doc. #11] as to defendants Charles Reed, Kimberly Irby, Benny Thurston, and Christopher Cooper in their individual capacities .

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Charles Reed, Kimberly Irby, Benny Thurston, and Christopher Cooper shall file an answer or other responsive pleading directed to plaintiff's amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED**, without prejudice, as to defendants Charles Reed, Kimberly Irby, Benny Thurston, and Christopher Cooper in their official capacities. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order directing the dismissal of specific claims will be filed separately.

Dated this 4th day of November, 2013.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**