**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LARRY L. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-CV-126-LMB |
| | ) | |
| UNKNOWN REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion of  for appointment of counsel [Doc. #21].  The motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  This case is neither factually nor legally complex. Moreover, it is evident that plaintiff is able to present his claims, because the Court has

ordered defendants to respond to plaintiff's claims.  Consequently, the motion shall be

denied at this time, without prejudice to refiling at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel

[Doc. #21] is **DENIED**, without prejudice.

Dated this __15th__ Day of January, 2014.


_____
UNITED STATES MAGISTRATE JUDGE