UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY L. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13 CV 126 ACL |
| | ) | |
| CHARLES REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 against SECC correctional officers Charles Reed, Kimberly Irby, Benny Thurston, and Christopher Cooper. Plaintiff alleges that Defendants violated his Eighth Amendment rights when they physically assaulted him, failed to protect him, and denied him medical treatment for his serious physical injuries. The following motions are presently pending before the Court: (1) Plaintiff's Motion for Leave to Supplement to Add New Claim [Doc. 31]; (2) Plaintiff's Motion to Compel Discovery or, In the Alternative, to Appoint Counsel [Doc. 38]; and (3) Defendants' Motion to Take Deposition and to Extend the Discovery Deadline [Doc. 44]. The undersigned will discuss the pending motions in turn.

### I. Plaintiff's Motion to Amend

On February 24, 2014, Plaintiff filed a motion requesting leave to add a new claim pursuant to Federal Rule of Civil Procedure 15(c). Plaintiff seeks to add a claim that SECC Function Unit Manager Paula Phillips retaliated against him in violation of his Eighth and Fourteenth Amendment rights. Plaintiff contends that Phillips harassed him on November 26, 2012, and unassigned him from his recreation job, both in retaliation for filing a grievance against Defendant

Reed related to the September 2012 assault incident.

After the filing of a responsive pleading, a party may amend his pleading only with the opposing party's written consent or the court's leave, and the Court should "freely give leave when justice so requires."  Fed.R.Civ.P. 15(a).  Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment."  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).  Under Rule 20(a)(2), a person may be joined as an additional defendant if:  "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series, of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

In this case, Plaintiff's request to add a claim against Paula Phillips was filed within the deadline for the amendment of pleadings and the joinder of parties set out in the Court's January 23, 2014 Case Management Order.  [Doc. 24]  Plaintiff's proposed claim against Paula Phillips relates to the claims set forth in his Amended Complaint.  Defendants have not objected to the proposed amendment.  For these reasons, Plaintiff's motion will be granted.

Accordingly, the Court will order Plaintiff to file a Second Amended Complaint in this action for the purpose of properly articulating his claims against Paula Phillips, within 14 days from the date of this Order.  Plaintiff is required to submit his Second Amended Complaint on a court-provided form, clearly stating his claims against all Defendants.  Plaintiff is warned that the filing of the Second Amended Complaint completely replaces the original Complaint and the Amended Complaint, and claims that are not re-alleged are deemed abandoned.

## II. Plaintiff's Motion to Compel/Motion to Appoint Counsel

On March 24, 2014, Plaintiff filed a Motion to Compel Discovery or, in the Alternative, to Appoint Counsel. As a threshold matter, any motion plaintiff files relating to discovery or disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and Rule 37(a)(1), Fed.R.Civ.P.[3] These rules require that a discovery or disclosure-related motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion. Plaintiff has failed to provide such a statement.

Although Plaintiff is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute prior to filing a motion to compel or other motion relating to discovery or disclosure. Plaintiff must then describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A). See Faretta v. California, 422 U.S. 806, 834–35 n. 46 (1975) (pro se litigant must comply with relevant rules of procedure). Plaintiff is warned that any future discovery-related motion Plaintiff files that does not contain such a statement will be summarily denied.

In his Motion to Compel, Plaintiff states that he has submitted a written request to Defendants for the following evidence: (1) "All written statements, originals or copies, identifiable as reports about the incident on September 4, 2012, made by D.O.C.'s employees, and

---

[3]Local Rule 3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

all witnesses to the incident in question," and (2) Any and all camera footage evidence regarding the September 4, 2012 incident. Plaintiff contends that he submitted a written request for this discovery on February 13, 2014. Plaintiff states that, on March 14, 2014, Defendants responded that they would not provide the requested discovery pursuant to institutional policy. Plaintiff argues that he is entitled to all written reports and video footage regarding the incident, and that this evidence does not affect the safety and security of the correctional facility. Plaintiff requests that the Court issue an order compelling Defendants to provide the requested discovery.

Defendants filed a Response to Plaintiff's Motion to Compel Discovery or, In the Alternative, to Appoint Counsel, on March 27, 2014. [Doc. 39] Defendants state that they objected to Plaintiff's discovery requests on the basis that the investigative report, including video of the incident, is a confidential, closed record pursuant to the policy of the Missouri Department of Corrections. Defendants argue that disclosure of confidential information may jeopardize prison safety and is generally not permitted. Defendants state that they will, however, provide a redacted copy of the investigative report and a copy of the video for Plaintiff to review in the litigation coordinator's office at SECC.

Plaintiff filed a Reply in Opposition to Defendants' Response, in which he argues that Defendants should not be permitted to alter the investigative report or the video footage because there is no security threat involved. [Doc. 42]

Under Rule 26, litigants may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." <u>Miscellaneous Docket Matter No. 1 v.</u>

Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999), quoting Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990).

The discovery materials Plaintiff seeks are undoubtedly relevant to his claims. Defendants, however, have a valid interest in protecting confidential information to ensure prison safety. Defendants have indicated that they will provide a redacted copy of the investigative report and a copy of the video for Plaintiff to review in the litigation coordinator's office at SECC. Producing a copy of the investigative report that eliminates confidential information posing a security threat will satisfy the interests of both parties. The Court, therefore, declines to issue an order compelling Defendants to provide an unredacted copy of the investigative report at this time. If Plaintiff believes the redacted information is not confidential and is relevant to his claims, he may file a motion to compel after corresponding with opposing counsel pursuant to Local Rule 3.04(A).

Plaintiff requests, in the alternative, that the Court appoint counsel to represent him in this matter. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Moreover,

Plaintiff has been able to prepare and file a plethora of documents on his own behalf.    Thus, the Court will deny Plaintiff's motion for appointment of counsel.

### III.    Defendants' Motion to Take Deposition and to Extend the Discovery Deadline

On July 15, 2014, Defendants filed a Motion to Take Deposition and to Extend the Discovery Deadline, in which they request leave pursuant to Rule 30 to take the deposition of Plaintiff Larry L. Hopkins in order to complete discovery in this case.   Defendants also seek to extend the discovery deadline from July 24, 2012 to July 31, 2014.

Rule 30(a)(2)(B) provides: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (B) if the deponent is confined in prison."    In the January 23, 2014 Case Management Order, the Court granted Defendants leave, pursuant to Rule 30(a), to take Plaintiff's deposition, upon reasonable notice.   [Doc. 24]   The Case Management Order further provided that all discovery in this case must be completed by July 24, 2014.

Defendants contend that, due to the press of other business, Defendants' counsel cannot take Plaintiff's deposition until the last week of July.   Defendants request that the Court enter an order for Plaintiff to appear for deposition on July 30, 2014, at 10:30 a.m. at SECC, and to extend the discovery deadline to July 31, 2014.   Defendants' request will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Supplement to Add New Claim [Doc. 31] be **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint adding Paula Phillips as a Defendant herein within 14 days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a

copy of the Court's form for filing a prisoner complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery or, In the Alternative, to Appoint Counsel [Doc. 38] be **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Take Deposition and to Extend the Discovery Deadline [Doc. 44] be **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall appear for deposition on **July 30, 2014, at 10:30 a.m. at SECC**.

**IT IS FINALLY ORDERED** that, in light of the Court's granting leave to file a Second Amended Complaint, the deadline for the completion of discovery be extended to August 15, 2014.

Dated this 18th day of July, 2014

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE