UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY L. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13 CV 126 ACL |
| | ) | |
| CHARLES REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Presently pending is Plaintiff's Motion "Requesting the Honorable Court to Re-Address to the Defendants-Again, it's Order Compelling Production of Documents." (Doc. 96.) Defendants have filed a Response in opposition to Plaintiff's motion. (Doc. 99.) For the reasons discussed below, Plaintiff's motion will be denied.

**I.     Background**

On March 3, 2015, the Court granted Plaintiff's motions to compel and directed Defendants to file a Notice to the Court regarding the location of security cameras at SECC and provide a diagram of SECC depicting Plaintiff's travel during the incident at issue. (Doc. 83.) Defendants filed *in camera* documents (Doc. 86) and a Notice (Doc. 87) in response to the Court's Memorandum and Order. In an Order dated March 19, 2015, the Court found that Defendants *in camera* documents and Notice were deficient and directed Defendants to file an additional Notice to the Court and *in camera* documents to correct the deficiencies. (Doc. 89.) Defendants filed these supplemental documents on March 26, 2015. (Docs. 92, 93.) Plaintiff filed the instant renewed motion to compel on March 27, 2015. (Doc. 96.)

## II. Plaintiff's Motion to Compel

In his renewed motion to compel, Plaintiff argues that Defendants should be directed to provide all relevant video footage and documents. Plaintiff contends that Defendants are trying to "undermine the confidence of the court with their incorrect allegations set forth in their Responses to compel order that was granted by the Honorable Court." (Doc. 96 p. 3.) In their Response to Plaintiff's motion, Defendants object to Plaintiff's assertions that they are trying to undermine the confidence of the Court. Defendants contend that they have produced everything within their possession.

The Court will discuss Plaintiff's requests for video footage and reports separately.

### II.A. Video Footage

Plaintiff requests that Defendants provide all video camera footage related to the incident at issue, including footage from the following locations: the entrance door over the exit sign, the corridor outside the medical unit, in the "back upper far right interior surface," the two cameras inside the medical unit, and any other footage from Plaintiff's trip from Housing Unit #5 to the medical unit and then from the medical unit to Housing Unit #2. (Doc. 96 at 2.)

Defendants respond that there is no video footage other than what has already been produced. Defendants cite the Affidavits of Richard Adams, Major at SECC; Defendant Charles Reed; and CSI Travis Wilhite, Acting Major at SECC in support of their assertion that all video footage that is presently available has been provided. Mr. Adams states in his Affidavit that there was no video footage collected from inside the medical unit, because Plaintiff's allegation was that the alleged use of force occurred outside of the medical unit. (Doc. 87-1.) Mr. Reed testified in

his Affidavit that there was a three-and-a-half minute gap in the video footage from the doorway leading out of Housing Unit #1 and the central section of Housing Unit #2, because he and other Defendants had to carry Plaintiff on a backboard and Plaintiff was struggling. (Doc. 92-1.) Mr. Reed stated that they stopped at least twice on the trip from Housing Unit #1 to Housing Unit #2. Finally, Defendants note that Mr. Wilhite testified in his Affidavit that each security camera (DVR) maintains a maximum of twenty days of recording. (Doc. 92-3.) Mr. Wilhite stated that when the DVR reaches maximum capacity it records over previous material. Id. Mr. Wilhite testified that no video footage from inside the medical unit or outside the medical unit between Housing Unit #1 and Housing Unit #2 was saved or is currently available from the incident at issue. Id. Mr. Wilhite stated that all video footage that showed the alleged use of force incident was collected, saved, and provided to the Inspector General's office. Id.

Plaintiff has filed "Plaintiff's Response to Affidavit of Defendant Charles Reed," (Doc. 104) and "Plaintiff's Response to the Defendants Affidavit, Submitted by, Travis Wilhite" (Doc. 105). With regard to Defendant Reed's Affidavit, Plaintiff objects to Mr. Reed's explanation regarding the gap in video footage. Plaintiff also argues that there was a security camera in a vestibule area near the medical unit that was removed since the incident at issue.

With respect to the Affidavit of Mr. Wilhite, Plaintiff again contends that there was a security camera in the vestibule area that captured the incident at issue.

The Court has reviewed the record, including Plaintiff's filings, the Affidavits submitted by Defendants, and the *in camera* materials, and finds that the Defendants have provided all video footage that is currently available and shows the alleged use of force incident at issue in this action. That being said, the record of the case supports that additional relevant footage regarding the

incident at issue in this case existed for a period of at least twenty days following the incident in September 2012. Following the incident, however, the Defendants preserved only the video footage they believed was relevant to the incident. The Defendant naturally has a different view of what video footage is relevant to the case, nevertheless, it is clear that such video footage no longer exists. Thus, Plaintiff's renewed Motion to Compel will be denied as to the requested video footage.

### II.B.  Documents

Plaintiff requests "all documents that are relevant to this present case, especially due to the fact that none of the documents involves confidential informants' identities, security issues or is considered to be confidential and closed records pursuant to law." (Doc. 96 at 3.)

Defendants respond that Plaintiff has on two occasions been provided with the opportunity to review the Inspector General's report and to make notes of anything contained therein. (Doc. 99 at 3.) Defendants further state that they produced their "use of force" statements to Plaintiff on March 6, 2015, along with the relevant records from Plaintiffs medical file and the Affidavit of Brennan Gibson that all of the video footage was collected, viewed, and was included with his report. Id. Defendants further state that they have produced not only all of the video footage that was available, but also the audio interviews that were conducted by the Inspector General. Id. at 3-4.

Other than video footage, the Plaintiff has failed to specifically identify the documents that the Defendants have failed to produce. The Defendants admit that the Plaintiff has been allowed to review the OIG report, however, reiterate that prison policies prevent them from providing a copy to Plaintiff. In the event the Defendants failed to provide Plaintiff with copies of the

Inspector General's Report and related documents that have been filed in this case and identified as Documents 79-6 (Defendant's Exhibit F) and 79-7 (Bate Stamped as pages 45-79, Hopkins v. Reed, et al.), the Defendants are in direct violation of this Court's March 3, 2015 Order (Doc. 83 at 10[1]) and they will be immediately ordered to produce copies of said documents for Plaintiff. When the Defendants provide the Plaintiff with the aforementioned reports, there will be no further evidence to produce.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants shall show cause why they have not provided the Plaintiff with copies of the Inspector General's Report and related documents that have been filed as public documents in this case (Documents 79-6 (Defendant's Exhibit F) and 79-7 (Bate Stamped as pages 45-79, Hopkins v. Reed, et al.)), as previously directed by this Court, or notify the Court that said reports have been provided to the Plaintiff, no later than May 15, 2015.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion "Requesting the Honorable Court to Re-Address to the Defendants-Again, it's Order Compelling Production of Documents" with regard to video footage (Doc. 96) is **denied**.

                                           /s/ Abbie Crites-Leoni
                                           ABBIE CRITES-LEONI
                                           UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of May, 2015.

---

[1] This Court's prior Order directed the following: **IT IS FURTHER ORDERED** that Defendant's shall **immediately** provide Plaintiff with a copy of all of the written reports in Exhibits F and F-1 to the Defendants' Motion for Summary Judgment, as well as Brennan Gibson's Affidavit (Bates Stamped 0085).